UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SOUTHCOAST FAIR HOUSING, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEBRA SANDERS, in her official ) <br> capacity as Clerk of the Rhode Island ) <br> Supreme Court, ) <br> Defendant. ) <br> ) | C.A. No. 18-536-JJM-LDA |

## ORDER

SouthCoast Fair Housing ("SouthCoast") filed an application in accordance with Rhode Island Supreme Court Article II, Rule 11, to practice law in the state of Rhode Island as a nonprofit organization. ECF No. 11 at 6. The Rhode Island Supreme Court issued an order denying SouthCoast's application, because it did not satisfy the requirements under Rule 11. *Id.* The Rhode Island Supreme Court denied the application "without prejudice." ECF No. 14 at 4.

SouthCoast later filed a complaint[1] in this Court alleging that Rule 11, not the Rhode Island Supreme Court Order denying its application, is unconstitutional. ECF No. 11. Ms. Saunders timely moved to dismiss asserting that the Court lacked subject

---

[1] SouthCoast filed the original complaint and Ms. Saunders moved to dismiss invoking *Rooker-Feldman*. In response to the motion to dismiss, SouthCoast filed its amended complaint.

matter jurisdiction.[2] ECF No. 14. For reasons set forth below, the Court denies Ms. Saunders' Motion to Dismiss.

The *Rooker-Feldman* doctrine[3] bars jurisdiction "only in the 'limited circumstances' where 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291, (2005). "Deciding whether *Rooker-Feldman* bars the plaintiffs' federal suit therefore requires that we determine what the state court held and whether the relief that the plaintiffs requested in their federal action would void the state court's decision or would require us to determine that the decision was wrong." *Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir. 1999)(quoting *Snider v. City of Excelsior Springs, Missouri*, 154 F.3d 809, 811–12 (8th Cir. 1998)). "If the constitutional claims presented to a United States district court are inextricably intertwined" with the merits of a judgment rendered in state court, "then the district court is in essence being called upon to review the state-court decision. This the district court may not do." *Pennzoil Co. v. Texaco Inc.*, 481 U.S.

---

[2] Ms. Saunders, in her reply memorandum, withdrew her other challenges considering the Courts pending decision on whether it has subject matter jurisdiction to hear this claim. The Court therefore need not decide the issue of res judicata or if SouthCoast correctly named Ms. Saunders as the defendant.

[3] Named for two United States Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the *Rooker-Feldman* doctrine disallows lower federal courts from exercising appellate jurisdiction over final state-court judgments.

1, 25 (1987); (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483-84 (1983)).

A federal claim is inextricably intertwined with the state-court judgment if that federal claim succeeds only if the state court wrongly decided the issue before it. *Hill*, 193 F.3d at 39 (citing *Pennzoil*, 481 U.S. at 25). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id.*

Here, however, the federal claim is not inextricably intertwined with the state-court decision to deny SouthCoast's application to practice law as a nonprofit in Rhode Island. Determinative of this decision is *Feldman*, which makes clear that the Federal District courts have only subject matter jurisdiction over narrowly plead claims stemming from a state-court decision. *See Feldman*, 460 U.S. 462, 486 (1983). A close reading of *Feldman* reveals three distinct challenges stemming from state-court decisions: (1) a challenge alleging that the state-court action is unconstitutional; (2) a challenge to review the state-court decision as wrongly decided; and (3) a challenge alleging that the rule or statute on which the state court based its decision is unconstitutional. *See id.* Of these challenges, federal district courts have only subject matter jurisdiction under the third challenge—allegations that the rule or statute, itself, is unconstitutional. *See Skinner v. Switzer*, 562 U.S. 561, 522 (2011) (holding that when the plaintiff does not challenge the adverse decisions and, instead, targets as unconstitutional the Texas statute the state court authoritatively

3

construed, the plaintiff's federal claim does not lack subject matter jurisdiction in the Federal District court. "As the Court explained in *Feldman* and reiterated in *Exxon*, a state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action.").

The *Feldman* Court, in determining whether the federal court had subject matter jurisdiction recited that "a close reading of the complaints disclosed that the respondents mounted a general challenge to the constitutionality of the rule *and* sought review of the District of Columbia Court of Appeals' decisions in their particular cases." *Feldman*, 460 U.S. 462 at n.18.

Here, a close reading of the amended complaint reveals that SouthCoast is not seeking a review of the Rhode Island Supreme Court Order dated September 29, 2017, and, instead is asking this Court to find Rule 11 unconstitutional. ECF No. 11 at 8-10. The Order that Ms. Saunders alleges is being challenged in the instant action appears only twice in the amended complaint. *Id.* at 6-7. One reference, in paragraph 28, is a purely factual recitation asserting that the Rhode Island Supreme Court released an Order denying SouthCoast's application. *Id.* at 6. The later paragraph solves any confusion stating that the purpose of the reference to the Order is to establish standing. *Id.* at 7. As such, SouthCoast has properly pleaded a constitutional challenge to Rule 11 while properly avoiding this Court's review of the state courts decision.

This Court is aware of Ms. Saunders objection to SouthCoast amending its complaint to get around the *Rooker-Feldman* challenge. But "[i]t is clear beyond hope

of contradiction that the Civil Rules permit a party to amend its complaint 'once as a matter of course'" within 21 days after service of a motion under Rule 12(b). *Connectu, LLC v. Zuckerberg*, 522 F.3d 82, 90 (1st Cir. 2008) (quoting Fed R. Civ. P. 15(a)). An amended complaint, once filed, supersedes the original complaint and the facts that are neither repeated nor otherwise incorporated into the amended complaint no longer bind the pleader. *Id.* (citing *InterGen N.V. v. Grina*, 344 F.3d 134, 145 (1st Cir. 2003)). As here, SouthCoast amended its complaint as a matter of right and the Civil Rules operate mechanically. "In that event, the absence of federal subject matter jurisdiction in the original complaint will pose no obstacle to the consideration of an amended complaint." *Id.* at 96.

For the reasons stated above, Ms. Saunders' Motion to Dismiss is DENIED.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

March 27, 2019